Filed 5/10/21  P. v. Deaver CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B301577 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA071327) |
| v. | |
| CORY DESHAWN DEAVER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Richard B. Lennon and Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Blythe J. Leszkay and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Cory Deshawn Deaver appeals from the trial court's denial of his petition for resentencing or dismissal under Health and Safety Code section 11361.8, subdivision (a).  We affirm.

While Deaver was in state prison, guards found bindles of tobacco and marijuana among his belongings.  The prosecution charged Deaver with possession of a controlled substance in a custodial facility in violation of Penal Code section 4573.6, subdivision (a).  Deaver pleaded no contest to the charge, and the court sentenced him to three years in state prison.

Deaver then filed a petition seeking resentencing or dismissal under Health and Safety Code section 11361.8, subdivision (a).  That provision allows persons serving a sentence for a conviction to seek dismissal or reduction of their sentence if they would not have been guilty of an offense, or would have been guilty of a lesser offense, had the Control, Regulate and Tax Adult Use of Marijuana Act been in effect when they were convicted.  (Health & Saf. Code, § 11361.8, subd. (b).)  The trial court denied the petition, and Deaver appealed.

The Act does not help Deaver for two reasons.  First, Deaver is not a person described in subdivision (a) of Health and Safety Code section 11361.8 because he was convicted after enactment of the Act.  Second, the Act does not affect Penal Code section 4573.6.

First, Deaver is not a person described under Health and Safety Code section 11361.8, subdivision (a).  Rather, as Deaver concedes, the Act was in effect before Deaver committed his offense and was convicted.  Thus, he is not eligible for relief under this provision.

Deaver tries to avoid this result by arguing that, if his conviction is not valid, he is serving an unauthorized sentence.

Deaver contends that, because courts can address and correct an unauthorized sentence at any time, we should do so here. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 191, superseded by statute on another ground as stated in *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1396 [appellate court can correct sentence unauthorized by law whenever the error comes to the attention of the court].) But Deaver is not challenging his sentence; he is challenging the validity of his conviction. Indeed, Deaver admits the "gravamen of [his] position" is his contention that his "conviction cannot stand." Thus, the unauthorized sentence rule does not apply to his case.

Deaver also argues he is covered by the language of Health and Safety Code section 11361.8, subdivision (a), because it is broad and applies to cases that are final and nonfinal. This does not help him. The issue is not whether his case was final or nonfinal, but whether he is a person described in that provision, which he is not.

Turning to the second reason, even if Deaver surmounted the eligibility threshold, the Act does not apply to violations of Penal Code section 4573.6. Health and Safety Code section 11362.45, subdivision (d), states the Act does not affect "[l]aws pertaining to smoking or ingesting cannabis" in a prison. Courts have split over whether the phrase "pertaining to smoking or ingesting cannabis" encompasses laws relating to possession of cannabis in prison. (See *People v. Taylor* (2021) 60 Cal.App.5th 115, 122.) This question is now before the Supreme Court. (See *id*. at p. 122, fn. 5.)

We follow *People v. Perry* (2019) 32 Cal.App.5th 885, 889–897, and its progeny and hold Health and Safety Code section 11362.45, subdivision (d), encompasses laws relating to

possession of cannabis in prisons.  Thus the Act does not affect violations of Penal Code section 4573.6.  Accordingly, Deaver is not entitled to relief under Health and Safety Code section 11361.8, subdivision (a).

Deaver raises many other arguments.  *Perry* and its progeny dispose of them all.

## DISPOSITION

We affirm the judgment.


WILEY, J.


We concur:



BIGELOW, P. J.



STRATTON, J.


4